Argued June 4, affirmed July 24, 1968

IRVIN RUSSELL JONES, *Appellant, v.*
GLADDEN, *Respondent.*

443 P. 2d 640

*Kenneth C. Hadley,* Deputy Public Defender, Salem, argued the cause for appellant. On the brief was Lawrence A. Aschenbrenner, Public Defender, Salem.

*David H. Blunt,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief was Robert Y. Thornton, Attorney General, Salem.

Before PERRY, Chief Justice, and McALLISTER, SLOAN, O'CONNELL, GOODWIN, DENECKE and HOLMAN, Justices.

PERRY, C. J.

The petitioner Irvin Russell Jones on the 19th day of September, 1941, with counsel, entered his plea of guilty to the crime of murder in the second degree, and, as was mandatory under the statute, the trial court sentenced him to life imprisonment.

Petitioner filed this post-conviction proceeding alleging, (1) that the sentencing court was without jurisdiction to accept his plea or pronounce sentence upon him, and (2) that he did not competently, intelligently and voluntarily enter his plea of guilty.

The trial court sustained a demurrer to petitioner's challenge to jurisdiction of the sentencing court and upon a full hearing upon the facts found petitioner's "plea was not induced by any state or county official, nor by his attorney, nor by any other person. It was his own free and voluntary decision, and was understandingly made after a free and thorough discussion with his attorney, after ample time for reflection and consideration, and after discussions with his father." From these rulings petitioner appeals.

The petitioner's contentions are entirely without merit. His first contention as to lack of jurisdiction is based upon his belief that, since the indictment charged a homicide committed in the course of a robbery, he could only be convicted of murder in the first degree and none of the lesser degrees of homicide. This contention was laid to rest in *State v. Wilson*, 182 Or 681, 189 P2d 403.

■ As to defendant's second contention, it is sufficient to state that the trial record amply supports the findings of the trial court.

The judgment is affirmed.